

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MADISON RAUSCH, a minor, by and through her Parents and Natural Guardians, REGINA RAUSCH and CHRISTOPHER RAUSCH, and REGINA RAUSCH and CHRISTOPHER RAUSCH, in their own right | : : : : : : : |

**17    2527**

**NOTICE OF REMOVAL**

(28 U.S.C. § 1446)

Plaintiffs

C.A. No.:

vs.

NEMOURS/ALFRED I. duPONT
HOSPITAL FOR CHILDREN and
THE NEMOURS FOUNDATION

Defendants

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**
**COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, Nemours/Alfred I. DuPont Hospital for Children and The

Nemours Foundation file this Notice of Removal of the said case from the Court

of Common Pleas of Philadelphia County, Pennsylvania, in which it is now

pending, to the United States District Court for the Eastern District of

Pennsylvania, and in support thereof avers as follows:

1.      Nemours/Alfred I. DuPont Hospital for Children and The Nemours

Foundation (collectively referred to herein as "Nemours") are Defendants in the

civil action brought by Writ of Summons on April 20, 2017, and by Complaint filed

on May 25, 2017, in the Court of Common Pleas of Philadelphia County,

Pennsylvania.  Pursuant to provisions of Section 1441 and 1446 of Title 28 of the

United States Code, Nemours removes this action to the United States District

Court for the Eastern District of Pennsylvania, which is the judicial district in which the action is pending.

    2.    The grounds for removal of this action are:

    a.    On May 17, 2017, Plaintiffs' counsel sent defense counsel a courtesy copy of a Complaint that was filed on May 25, 2017, in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2017, No. 001644.

    b.    There is complete diversity of citizenship between the Plaintiffs and Nemours because:

    i.    The Plaintiffs are citizens of the State of Pennsylvania, and reside at 177 Rice Drive, Morrisville, Pennsylvania, in Bucks County, Pennsylvania.

    ii.    Defendant, The Nemours Foundation is a corporation organized and incorporated under the laws of the State of Florida, with its principal place of business at 10140 Centurion Parkway, Jacksonville, Florida.

    iii.    Defendant, Nemours/A.I. DuPont Hospital for Children is not a corporation. A.I. DuPont Hospital for Children is a hospital that is owned and operated by Nemours and is located at 1600 Rockland Road, Wilmington, Delaware.

    c.    More than $75,000, exclusive of interest and costs, is in controversy in this action.

    3.    This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Therefore, removal is proper under 28 U.S.C. § 1441(a).

4.      Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because none of the parties served as Defendants is a citizen of the State of Pennsylvania, the State in which this action was brought.

5.      This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because a courtesy copy of the Complaint was sent to defense counsel on May 17, 2017, and the Complaint was filed on May 25, 2017. This Notice of Removal is filed within 30 days of the forwarding of the courtesy copy and the filing of the Complaint and less than one year after the commencement of this action. The filing of a Writ of Summons (and an attached Civil Cover Sheet) do not commence the time for filing a Notice of Removal when the citizenship of the parties and the amount in controversy to support removal are not evident from the filings. *Sprague v. ABA,* 166 F.Supp. 2d 206, 209 (E.D. Pa. 2001); Pennco Machine, Inc. v. Tornos Techs. U.S. Corp., 169 F.Supp. 2d 349, 351 (E.D. Pa. 2001). Here, the Writ of Summons lists the residence of the Plaintiffs but not their citizenship. *Sprague,* 166 F.Supp.2d at 209 (remand denied where Writ listed only residence of parties, as residence is not necessarily the same as the state of citizenship). Similarly, the Civil Cover Sheet lists the amount in controversy as over $50,000, a jurisdictional limit established for the filing of the case in the state courts of Pennsylvania, but does not identify the limits that would be applicable for filing in federal court. *Id.; Pennco* at 351 (remand denied as amount in controversy was not met based on Civil Cover Sheet). Hence, Nemours was not on notice that the case could be removed until it received the Complaint, and its Notice of Removal is timely.

6.    All state-court papers served on Nemours, consisting of the Writ of Summons, Civil Cover Sheet and Complaint (email attaching courtesy copy and time-stamped copy), are attached hereto as Exhibit A.

7.    Nemours will provide immediate notice of the filing of this Notice to Plaintiffs as required by 28 U.S.C. §1446(d).

8.    Nemours will file a certified copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Nemours requests that the action presently pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

McCANN LAW, LLC

*Attorneys for Defendants*

By: _____

Sara Lynn Petrosky, Esquire
Attorney I.D. No. 50316
McCann Law, LLC
1800 J.F.K. Boulevard
Suite 1812
Philadelphia, PA 19103
(215) 568-1133

Dated: 6 – 5 – 17

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2017**

E-Filing Number: 1704026376

**001644**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MADISON RAUSCH | NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 177 RICE DRIVE<br>MORRISVILLE PA 19067 | 1600 ROCKLAND ROAD<br>WILMINGTON DE 19803 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| REGINA RAUSCH | THE NEMOURS FOUNDATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 177 RICE DRIVE<br>MORRISVILLE PA 19067 | 10140 CENTURION PARKWAY NORTH<br>JACKSONVILLE FL 32256 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHRISTOPHER RAUSCH | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 177 RICE DRIVE<br>MORRISVILLE PA 19067 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 2 | ☐ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☒ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce    ☐ Settlement<br>☐ Minor Court Appeal    ☐ Minors<br>☐ Statutory Appeals    ☐ W/D/Survival |

CASE TYPE AND CODE

2M - MALPRACTICE - MEDICAL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>APR **12** 2017<br>**M. BRYANT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MADISON RAUSCH , REGINA RAUSCH ,</u>
<u>CHRISTOPHER RAUSCH</u>
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ELIA ROBERTSON | KLINE & SPECTER<br>1525 LOCUST STREET |

| PHONE NUMBER | FAX NUMBER | PHILADELPHIA PA 19102 |
|---|---|---|
| (215)772-1363 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 321277 | elia.robertson@klinespecter.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ELIA ROBERTSON* | Wednesday, April 12, 2017, 10:44 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**KLINE & SPECTER, P.C.**
By:   Thomas R. Kline, Esquire
       Amy L. Guth, Esquire
       Elia A. Robertson, Esquire
Attorney I.D. No. 28895 / 44204 / 321277
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000
215-735-5827 (facsimile)

Attorneys for Plaintiffs



| | |
|---|---|
| MADISON RAUSCH, a minor, by and through | COURT OF COMMON PLEAS |
| her Parents and Natural Guardians, REGINA | PHILADELPHIA COUNTY |
| RAUSCH and CHRISTOPHER RAUSCH, and | |
| REGINA RAUSCH and CHRISTOPHER | CIVIL ACTION – MEDICAL |
| RAUSCH, in their own right | PROFESSIONAL LIABILITY |
| 177 Rice Drive | |
| Morrisville, Pennsylvania 19067 | , 2017 |
| | |
| v. | NO. |
| | |
| NEMOURS/ALFRED I. DUPONT | |
| HOSPITAL FOR CHILDREN | |
| 1600 Rockland Road | |
| Wilmington, Delaware 19803 | |
| | |
| and | |
| | |
| THE NEMOURS FOUNDATION | |
| 10140 Centurion Parkway North | |
| Jacksonville, Florida 32256 | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons against the above-named defendants in the above captioned matter.

**KLINE & SPECTER, P.C.**

THOMAS R. KLINE, ESQUIRE
AMY L. GUTH, ESQUIRE
ELIA A. ROBERTSON, ESQUIRE
Attorneys for Plaintiffs

Case ID: 170401644

C.P.97

# Commonwealth of Pennsylvania

**SUMMONS**
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

Madison Rausch, a minor, by and through her
Parents and Natural Guardians, Regina Rausch
and Christopher Rausch, and Regina Rausch
and Christopher Rausch, in their own right
177 Rice Drive, Morrisville, PA 19067

COURT OF COMMON PLEAS Attested by the
Office of Judicial Records
12 APR 2017-10:44 am
M. BRYANT

*vs.*

No. _____

Nemours/Alfred I. duPont Hospital for
Children, et al.

To[1]

NEMOURS/ALFRED I. DUPONT
HOSPITAL FOR CHILDREN
1600 Rockland Road
Wilmington, DE 19803

THE NEMOURS FOUNDATION
10140 Centurion Parkway North
Jacksonville, FL 32256

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Madison Rausch, a minor, by and through her Parents and Natural Guardians, Regina Rausch
and Christopher Rausch, and Regina Rausch and Christopher Rausch, in their own right

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

170401644
12 APR 2017 10:44 am
M. BRYANT

By _____

Date _____

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 170401644

Case ID: 170401644

## COURT OF COMMON PLEAS

_____Term, 20 _17__ No. _____

Madison Rausch, a minor, by and through her
Parents and Natural Guardians, Regina Rausch
and Christopher Rausch, and Regina Rausch and
Christopher Rausch, in their own right
177 Rice Drive, Morrisville, PA 19067

vs.

Nemours/Alfred I. duPont Hospital for Children, et
al.

## SUMMONS

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

By:   Thomas R. Kline, Esquire
Amy L. Guth, Esquire
Elia A. Robertson, Esquire
Attorney I.D. No. 28895 / 44204 / 321277
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000
215-735-5827 (facsimile)
Attorneys for Plaintiffs



Filed and Attested by the
Office of Judicial Records
25 MAY 2017 02:17 pm
A. STAMATO

| | |
|---|---|
| MADISON RAUSCH, a minor, by and through her Parents and Natural Guardians, REGINA RAUSCH and CHRISTOPHER RAUSCH, and REGINA RAUSCH and CHRISTOPHER RAUSCH, in their own right<br>177 Rice Drive<br>Morrisville, Pennsylvania 19067<br><br>v.<br><br>NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN<br>1600 Rockland Road<br>Wilmington, Delaware 19803<br><br>and<br><br>THE NEMOURS FOUNDATION<br>10140 Centurion Parkway North<br>Jacksonville, Florida 32256 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>CIVIL ACTION – MEDICAL PROFESSIONAL LIABILITY<br><br>APRIL, 2017<br><br>NO. 001644<br><br>**NOTICE TO DEFEND** |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CAN NOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
1101 Market Street, 11th Floor, Philadelphia, PA 19107
Telephone: 215-238-6300

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE PHILADELPHIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 Market Street, 11th Floor, Philadelphia, PA 19107
Teléfono: 215-238-6300

Case ID: 170401644

**KLINE & SPECTER** ꜰᴄ
ATTORNEYS AT LAW

By:      Thomas R. Kline, Esquire
         Amy L. Guth, Esquire
         Elia A. Robertson, Esquire
Attorney I.D. No. 28895 / 44204 / 321277
1525 Locust Street, 19ᵗʰ Floor
Philadelphia, PA 19102
215-772-1000
215-735-5827 (facsimile)
Attorneys for Plaintiffs

| | |
|---|---|
| MADISON RAUSCH, a minor, by and through her Parents and Natural Guardians, REGINA RAUSCH and CHRISTOPHER RAUSCH, and REGINA RAUSCH and CHRISTOPHER RAUSCH, in their own right<br>177 Rice Drive<br>Morrisville, Pennsylvania 19067<br><br>v.<br><br>NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN<br>1600 Rockland Road<br>Wilmington, Delaware 19803<br><br>and<br><br>THE NEMOURS FOUNDATION<br>10140 Centurion Parkway North<br>Jacksonville, Florida 32256 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>CIVIL ACTION – MEDICAL PROFESSIONAL LIABILITY<br><br>APRIL, 2017<br><br>NO. 001644 |

## COMPLAINT

Plaintiffs, Regina Rausch and Christopher Rausch, as Parents and Natural Guardians of

Madison Rausch, a minor, and Regina Rausch and Christopher Rausch, in their own right, by

and through their undersigned counsel, Kline & Specter, P.C., hereby bring this medical

malpractice action against Defendants, Nemours/Alfred I. duPont Hospital for Children and The

Case ID: 170401644

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

Nemours Foundation, based upon the predicate facts, allegations of negligence, and causes of action set forth below.

## PARTIES

1.　Plaintiff, Madison Rausch, a minor ("Minor-Plaintiff"), is a citizen and resident of the Commonwealth of Pennsylvania.

2.　Plaintiffs, Regina Rausch and Christopher Rausch, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 177 Rice Drive, Morrisville, Pennsylvania 19067.

3.　Plaintiffs, Regina Rausch and Christopher Rausch, are the Parents and Natural Guardians of Minor-Plaintiff, Madison Rausch.

4.　At all times relevant hereto, Defendant, Nemours/Alfred I. duPont Hospital for Children a/k/a A.I. duPont Hospital for Children ("A.I. duPont") was a corporation or other jural entity, organized and existing under and by virtue of the laws of the State of Delaware, with a business address located at 1600 Rockland Road, Wilmington, Delaware 19803. The claims asserted against this Defendant are for corporate negligence and for the professional negligence of its actual, apparent, and/or ostensible agents, servants, and/or employees as stated more fully herein. *See* Certificate of Merit for Alfred I. duPont Hospital for Children, attached hereto as Exhibit "A" pursuant to Pa. R. C. P. 1042.9.

5.　At all times relevant hereto, Defendant A.I. duPont was a parent entity, parent corporation, associated and/or affiliated corporation, member corporation, subsidiary corporation and/or other jural entity of The Nemours Foundation, and was engaged in rendering and/or supervising the provision of medical care and treatment to Minor-Plaintiff within the scope of its

2

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

aforementioned relationship with The Nemours Foundation.   Defendant A.I. duPont was organized for the purpose of rendering and/or supervising the provision of medical care and treatment to patients such as Minor-Plaintiff.

6.    At all times relevant hereto, Defendant, The Nemours Foundation ("Nemours") was a corporation or other jural entity, organized and existing under and by virtue of the laws of Delaware, with a corporate headquarters business address at 10140 Centurion Parkway, Jacksonville, Florida 32250, and owning and operating Nemours/Alfred I. duPont Hospital for Children at 1600 Rockland Road, Wilmington, Delaware 19803, as well as owning and operating two medical practice outpatient facilities in Philadelphia, Pennsylvania at 833 Chestnut Street, Suite 300, Philadelphia, Pennsylvania 19107 and 1015 Chestnut Street, Suite 601, Philadelphia, Pennsylvania 19107. The claims asserted against this Defendant are for corporate negligence and for the professional negligence of its actual, apparent, and/or ostensible agents, servants, and/or employees as stated more fully herein. *See* Certificate of Merit for The Nemours Foundation, attached hereto as Exhibit "B" pursuant to Pa. R. C. P. 1042.9.

7.    At all times relevant hereto, Defendant Nemours was a parent entity, parent corporation, associated and/or affiliated corporation, member corporation, subsidiary corporation and/or other jural entity of Defendant A.I. duPont, and was engaged in rendering and/or supervising the provision of medical care and treatment to Minor-Plaintiff within the scope of its aforementioned relationship with Defendant A.I. duPont. Defendant Nemours was organized for the purpose of rendering and/or supervising the provision of medical care and treatment to patients such as Minor-Plaintiff.

8.    Specifically and according to The Nemours Foundation website, the "Thomas

3

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

Jefferson University Hospital/duPont Children's Health Program offers primary and specialty pediatric care adjacent to the Thomas Jefferson University Hospital center city campus in Philadelphia."   *See*   https://www.nemours.org/locations/pennsylvania/thomasjefferson.html (stating: "Nemours collaborates with Thomas Jefferson University Hospital (TJUH) to extend advanced round-the-clock pediatric care http://hospitals.jefferson.edu/departments-and-services/pediatrics/) to children and families in the Philadelphia area" and "Kids are different from adults and need specialized care, so Nemours' pediatric specialists are there for families at TJUH to provide . . .").

9.     At all times relevant hereto, Defendants A.I. duPont and Nemours were acting by and through their actual and/or ostensible agents, servants, and/or employees who acted within the scope of their employment when rendering care to Minor-Plaintiff at the Nemours/Alfred I. duPont Hospital for Children.  These authorized actual and/or ostensible agents, servants, and/or employees include and are limited to attending physicians, resident physicians, physician assistants, nurses, technicians, or other medical staff personnel who were directly involved in the diagnosis, care, and treatment of Minor-Plaintiff at Defendant Nemours/Alfred I. duPont Hospital for Children.  Defendants A.I. duPont and Nemours are therefore liable to Plaintiffs for the negligent acts and omissions of the attending physicians, resident physicians, physician assistants, technicians, or other medical staff personnel who were directly involved in the diagnosis, care, and treatment of Minor-Plaintiff at Defendant Nemours/Alfred I. duPont Hospital for Children as set forth herein.

10.     At all times relevant hereto, Defendants A.I. duPont and Nemours had legal liability and responsibility for the negligent failure to act in accordance with the hospital's non-

4

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

delegable corporate duties to its patients, including (a) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (b) a duty to select and retain only competent physicians, nurses, and others; (c) a duty to oversee all persons who practice medicine and health care within its walls as to patient care; and (d) a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for patients.

11.    A claim for negligent supervision is also asserted against A.I. duPont and Nemours, referable to and relating to these Defendants, arising out of the conduct of their actual, apparent, and/or ostensible agents, servants, and/or employees, and relating to the failures of A.I. duPont and Nemours to ensure the quality of care rendered to Minor-Plaintiff through appropriate, timely, and adequate supervision of their actual, apparent, and/or ostensible agents, servants, and/or employees, as pleaded herein.

12.    At all relevant times hereto, Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., were the actual, apparent, and/or ostensible agents, servants, and/or employees of Defendant AI duPont, and were acting within the scope of their agency, master-servant, and/or employment relationship with Defendant A.I. duPont while providing medical care, orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services to Minor-Plaintiff, between, among other times, April, 2015 through August, 2016.

13.    At all relevant times hereto, Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., were the actual, apparent, and/or ostensible agents, servants, and/or employees of Defendant Nemours, and were acting within the scope of their agency, master-servant, and/or employment relationship with Defendant Nemours while medical care,

5

Case ID: 170401644

**KLINE & SPECTER** ᴾᶜ
ATTORNEYS AT LAW

orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services to Minor-Plaintiff between, among other times, April, 2015 through August, 2016.

14.    At all relevant times hereto, Defendants A.I. duPont and Nemours had a duty to supervise  Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., while these individuals were acting within the scope of their agency, master-servant, and/or employment relationship with Defendants A.I. duPont and Nemours to provide medical care, orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services to Minor-Plaintiff between, among other times, April, 2015 through August, 2016.

15.    At all relevant times hereto, Defendant A.I. duPont was acting by and through its actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., to medical care, orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services to Minor-Plaintiff between, among other times, April, 2015 through August, 2016.

16.    At all relevant times hereto, Defendant Nemours was acting by and through its actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., to provide medical care, orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services to Minor-Plaintiff between, among other times, April, 2015 through August, 2016.

17.    At all relevant times hereto, Defendants A.I. duPont and Nemours owed a duty to Plaintiffs to supervise its actual, apparent, and/or ostensible agents, servants, and/or employees,

6

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., with respect to the medical care, orthopedic care, radiology services, interventional radiology services, pathology services, and ancillary medical services provided to Minor-Plaintiff between, among other times, April, 2015 through August, 2016.

18.     At all times material hereto, the supervisory duties of Defendants A.I. duPont and Nemours, with respect to its actual, apparent, and/or ostensible agents, servants, and/or employees, including Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., included the enforcement of policies and procedures for the care, evaluation, management, and supervision of patients, including Minor-Plaintiff.

## JURISDICTION AND VENUE

19.     Jurisdiction in this matter is proper because Defendants A.I. duPont and Nemours advertise in Philadelphia, solicit business in Philadelphia, and regularly conduct business and provide medical care in Philadelphia, including at their medical practices and outpatient facilities in Philadelphia, Pennsylvania, located at 833 Chestnut Street, Suite 300, Philadelphia, Pennsylvania 19107 and 1015 Chestnut Street, Suite 601, Philadelphia, Pennsylvania 19107.

20.     Venue in this action is properly laid in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 1006.

## OPERATIVE FACTS

21.     Minor-Plaintiff was born on February 9, 2004.

22.     In September of 2014, Minor-Plaintiff began experiencing anterior right ankle pain.

23.     In February of 2015, Minor-Plaintiff was diagnosed with an osteochondritis

7

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

dissecans ("OCD") lesion of the right ankle joint and treated with a CAM boot.

24.     On March 23, 2015, an MRI with contrast was performed on Minor-Plaintiff's right ankle at the Children's Hospital of Philadelphia.

25.     The results of the MRI indicated "mild, ill-defined high chondral signal along the lateral articular surface of the distal tibial physis, with focal sclerosis of the subchonral bone and surrounding bone marrow edema."

26.     The MRI impression stated: "Findings are most suggestive of osteochondral abnormality without evidence of instability.  No joint effusion or loose intra-articular body was present."

27.     On April 14, 2015, Minor-Plaintiff came under the care of Mihir M. Thacker, M.D. ("Dr. Thacker").

28.     Dr. Thacker noted Minor-Plaintiff's night pain and rest pain and expressed a concern for osteoid osteoma.

29.     Dr. Thacker ordered a CT scan without intravenous contrast of Minor-Plaintiff's right ankle to evaluate for possible osteoid osteoma.

30.     On April 14, 2015, Mary P. Harty, M.D. ("Dr. Harty") performed a CT scan without intravenous contrast on Minor-Plaintiff's right ankle.

31.     Dr. Harty interpreted the CT scan results as revealing "a small lucent lesion in the distal tibial epiphysis" correlating to "the abnormal signal intensity observed on the outside MRI," which "did not have the typical appearance of an osteoid osteoma."

32.     Dr. Harty identified additional possible diagnoses as "avascular necrosis, a small vascular lesion, and intra-articular erosion."

8

Case ID: 170401644

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

33.    Dr. Harty also noted "sclerotic margins along the edges of the os trigonum with a small separated fragment between the os and talus," findings that "may be seen with os trigonum syndrome if the patient is symptomatic in this region."

34.    No MRI with intravenous contrast was performed to confirm Dr. Thacker's suspicion of osteoid osteoma, as was required.

35.    No biopsy was performed to confirm Dr. Thacker's suspicion of osteoid osteoma prior to treatment, as was required.

36.    No further clinical work up was performed to confirm Dr. Thacker's suspicion of osteoid osteoma prior to treatment as was required.

37.    Despite the fact that Minor-Plaintiff's OCD lesion did not have the typical appearance or clinical symptoms of osteoid osteoma, and without any further clinical evaluation, radiological studies or pathological evaluation, it was recommended that Minor-Plaintiff undergo a radiofrequency ablation ("RF") of the right distal tibial lesion with a simultaneous biopsy.

38.    On April 21, 2015, Deborah A. Rabinowitz, M.D. ("Dr. Rabinowitz") performed a fluoroscopic, US and ExperCT-guided biopsy and radiofrequency ("RF") ablation of the right tibial lesion.

39.    Before proceeding with the RF ablation, Dr. Rabinowitz biopsied the lesion area.

40.    A biopsy sample was obtained using a 12-gauge biopsy needle and sent to pathology for analysis.

41.    Dr. Rabinowitz proceeded with the procedure after obtaining the biopsy specimen.

42.    Dr. Rabinowitz introduced a Soloist radiofrequency needle with a one centimeter

9

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

active tip into the cavity left by the biopsy.

43.     Multiple attempts were made to activate the RF probe, but "impedance was immediately met."

44.     Dr. Rabinowitz attempted to ablate the lesion with absolute ethanol, but was unsuccessful.

45.     Dr. Rabinowitz then introduced a Leveen three-pronged umbrella RF needle and was able to successfully begin the RF ablation procedure.

46.     Dr. Rabinowitz performed three separate ablation treatments during the RF ablation procedure.

47.     During the first ablation treatment, Dr. Rabinowitz used radiofrequency energy with a maximum wattage of 8 for a total of 10.25 minutes.

48.     During the second ablation treatement, Dr. Rabinowitz used radiofrequency energy with a maximum wattage of 6 for a total of 9 minutes and 30 seconds.

49.     During the third ablation treatments, Dr. Rabinowitz used radiofrequency energy with maximum wattage of 8 for 6 minutes and 50 seconds.

50.     After the third ablation treatment, Dr. Rabinowitz completed the RF ablation procedure.

51.     A pathology report dated May 1, 2015, nine days after the RF ablation procedure, indicated that the differential diagnosis for Minor Plaintiff's right distal tibial lesion included osteochondritis dissecans, avascular necrosis, and, less likely, os trigonum syndrome.

52.     The pathology results first reported on May 1, 2015 indicated that there was "no evidence of osteoid osteoma in the biopsy material."

10

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

53.    On June 8, 2015, Minor-Plaintiff returned to Dr. Thacker for a follow up appointment after the RF ablation procedure.

54.    Dr. Thacker informed Minor-Plaintiff's parents for the first time that the pathology results obtained after the procedure did not show an osteoid osteoma and recommended physical therapy for Minor-Plaintiff's ankle.

55.    On July 24, 2015, an MRI was performed on Minor-Plaintiff's right ankle at the Children's Hospital of Philadelphia.

56.    MRI results indicated that the abnormality in the tibial epiphysis had increased in size compared with the prior study from March 23, 2015, demonstrating "expected changes of radiofrequency ablation," including "complex enhancing soft tissue edema" surrounding the tibiotalar joint.

57.    MRI results further indicated a new signal abnormality extending across the physis into the metaphysic, "raising concern for physeal injury and risk for early bony bar formation."

58.    MRI results further indicated new edema and enhancement in the navicular, "possibly related to a stress injury in the setting of altered biomechanics."

59.    From July of 2015 until October of 2015, Minor-Plaintiff continued to experience severe and debilitating right ankle pain and difficulty ambulating.

60.    On October 15, 2015, Minor-Plaintiff returned to Dr. Thacker for follow-up appointment.

61.    Dr. Thacker noted the lesion in the distal tibial epiphysis had developed avascluar necrosis related to the RF ablation procedure.

11

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

62.     Dr. Thacker also noted Minor-Plaintiff's worsening ankle pain and ambulatory dysfunction.

63.     On November 16, 2015, Minor-Plaintiff underwent an open biopsy of the right distal tiabial epiphyseal lesion with autograft bone grafting harvested from the right tiabia and an arthrotomy of the ankle.

64.     From November of 2015 until August of 2016, Minor-Plaintiff continued to experience worsening ankle pain and worsening ambulation despite medical treatments and intervention, including physical therapy and medication management.

65.     On August 4, 2016, Minor-Plaintiff was diagnosed with post-RF ablation/post-traumatic arthritis of the tibiotalar joint.

66.     Minor-Plaintiff continues to be non-weight bearing.

67.     As a direct and proximate result of the negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, individually and through their actual and/or ostensible agents, servants, and/or employees, as more fully set forth below, Madison Rausch has suffered and will continue to suffer:

       a.     autograft bone grafting;

       b.     primary osteoarthritis in the right ankle and foot;

       c.     post-RF ablation/post-traumatic arthritis of the tibiotalar ankle joint;

       d.     idiopathic aseptic necrosis of bone in the right ankle and foot;

       e.     extensive damage to the talus bone;

12

Case ID: 170401644

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

        f.      ankle fusion;

        g.      the need for amputation of the leg and foot below the right

                ankle joint;

        h.      traumatic arthopathy of the right ankle and foot;

        i.      cystic and ostonecrotic degeneration and collapse of the

                right ankle and foot;

        j.      missing cartilage and/or bone in the right ankle and foot;

        k.      right ankle joint pain;

        l.      right ankle nerve pain;

        m.      permanent destruction and deformity of the right ankle

                joint;

        n.      permanent loss of function of the right ankle joint;

        o.      depression and anxiety;

        p.      inability to ambulate;

        q.      pain and suffering;

        r.      embarrassment;

        s.      humiliation;

        t.      disfigurement;

        u.      loss of life's pleasures;

        v.      loss of future earning capacity;

        w.      past medical expenses;

        x.      future medical expenses; and

13

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

      y.     other damages as provided by Pennsylvania law.

68.     The negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, individually and through their actual and/or ostensible agents, servants, and/or employees, was a substantial factor in causing the severe and permanent injuries suffered by Minor-Plaintiff.

69.     The negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, individually and through their actual and/or ostensible agents, servants, and/or employees, increased the risk of harm to Minor-Plaintiff.

70.     The severe and permanent injuries suffered by Minor-Plaintiff which are the subject of this Complaint were caused solely and exclusively by the negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, individually and through their actual and/or ostensible agents, servants, and/or employees, and were due in no manner whatsoever to any act or failure to act on the part of Minor-Plaintiff, or Plaintiffs Regina Rausch or Christopher Rausch.

WHEREFORE, Plaintiffs Regina Rausch and Christopher Rausch, as Parents and Natural Guardians of Minor-Plaintiff Madison Rausch, demand damages against all Defendants herein, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars and in excess of local arbitration limits, exclusive of prejudgment and post-judgment interest.

**COUNT I – NEGLIGENCE**
**Madison Rausch, a minor, by and through her Parents**
**and Natural Guardians, Regina Rausch and Christopher Rausch,**
**and Regina Rausch and Christopher Rausch, in their own right**
**v.**
**Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation,**
**derivatively and vicariously for the conduct of their actual, apparent,**
**and/or ostensible agents, servants, and/or employees,**

14

Case ID: 170401644

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

### Dr. Thacker and Dr. Rabinowitz

71.    The preceding paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

72.    The negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, derivatively and vicariously, for the conduct of their actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., consists of one or more of the following:

   a.    failing to properly examine, assess, monitor, and evaluate Minor-Plaintiff's OCD lesion;

   b.    failing to accurately diagnose and treat Minor-Plaintiff's OCD lesion;

   c.    failing to order or obtain CT scan with intravenous contrast prior to recommending an RF ablation procedure;

   d.    failing to order or obtain an MRI with intravenous contrast prior to recommending an RF ablation procedure;

   e.    failing to order or obtain a biopsy prior to recommending an RF ablation procedure;

   f.    failing to obtain results of he biopsies performed prior to proceeding with ablation procedures;

   g.    failing to consider other possible diagnoses, including but not limited to avascular necrosis and os trigonum syndrome;

15

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

h. failing to rule out other possible diagnoses, including but not limited to avascular necrosis and os trigonum syndrome prior to the radiofrequency ablation procedure;

i. failing to order an ankle arthoscopy prior to the radiofrequency ablation procedure;

j. inappropriately and erroneously attributing Minor-Plaintiff's pain to osteoid osteoma;

k. prescribing inappropriate and ineffective treatment for Minor-Plaintiff's medical condition, namely, a radiofrequency ablation procedure;

l. performing an unnecessary radiofrequency ablation procedure;

m. improperly conducting a radiofrequency ablation procedure;

n. utilizing inappropriately high wattage for a prolonged period of time during the radiofrequency ablation procedure, resulting in a large area of osteonecrosis;

o. performing a radiofrequency ablation procedure in an overly-aggressive manner on a small lesion in a critical, weight-bearing portion of the ankle joint;

p. recommending and performing a radiofrequency ablation procedure after before the results of the biopsy confirmed

16

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

the presence of an osteoid osteoma;

q.   recommending a radiofrequency ablation procedure despite the differential diagnosis of an OCD lesion, avascular necrosis, and os trigonum syndrome;

r.   recommending an unnecessary radiofrequency ablation procedure on a small lesion on a weight-bearing portion of the ankle joint;

s.   failing to minimize the risk and/or prevent Minor-Plaintiff's unnecessary and profound injuries, including, but not limited to primary osteoarthritis in the right ankle and foot, post-traumatic/ablation arthritis of the tibiotalar joint, idiopathic aseptic necrosis of unspecified bone, traumatic arthopathy of the right ankle and foot, neoplasm of unspecified behavior of bone, soft tissue, and skin, and cystic and ostonecrotic degeneration and collapse; and

t.   causing permanent and irreversible injuries and damages to Minor-Plaintiff.

73.   As a direct and proximate result of the negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, derivatively and vicariously for the conduct of their actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., Minor-Plaintiff was caused to suffer the injuries described and resulting in the damages enumerated

17

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

herein.

74.     The negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, derivatively and vicariously for the conduct of their actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., was a substantial factor in causing the severe and permanent injuries suffered by Minor-Plaintiff.

75.     The negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, derivatively and vicariously for the conduct of their actual, apparent, and/or ostensible agents, servants, and/or employees, including but not limited to Mihir M. Thacker, M.D., and Deborah A. Rabinowitz, M.D., increased the risk of harm to Minor-Plaintiff.

WHEREFORE, Plaintiffs Regina Rausch and Christopher Rausch, as Parents and Natural Guardians of Minor-Plaintiff Madison Rausch, demand damages against all Defendants herein, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars and in excess of local arbitration limits, exclusive of prejudgment and post-judgment interest.

### COUNT II – DIRECT CORPORATE NEGLIGENCE
**Madison Rausch, a minor, by and through her Parents
and Natural Guardians, Regina Rausch and Christopher Rausch,
and Regina Rausch and Christopher Rausch, in their own right
v.**
### Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation

76.     The preceding paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

77.     The direct corporate negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation in its non-delegable corporate duties to Madison

18

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

Rausch, Regina Rausch and Christopher Rausch arising out of the medical evaluation, care and treatment rendered to Madison Rausch, as set forth in the predicate facts above, consisted of one or more of the following:

a.   the failure to select and retain physicians who were competent in the evaluation and diagnosis of OCD lesions;

b.   the failure to select and retain physicians who were competent in the evaluation and diagnosis of osteoid osteoma;

c.   the failure to select and retain physicians who were competent in the performance of radiofrequency ablation procedures;

d.   the failure to properly oversee and supervise all persons who practice medicine within the walls of Nemours/Alfred I. duPont Hospital for Children to ensure accurate diagnosis and appropriate treatment of OCD lesions;

e.   the failure to properly oversee and supervise all persons who practice medicine within the walls of Nemours/Alfred I. duPont Hospital for Children to ensure accurate diagnosis and appropriate treatment of osteoid osteoma;

f.   the failure to adopt and/or enforce appropriate rules, guidelines, procedures, and/or protocols to ensure the

19

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

appropriate diagnosis of, and effective treatment for, OCD lesions;

g.   the failure to adopt and/or enforce appropriate rules, guidelines, procedures, and/or protocols to ensure the appropriate diagnosis of, and effective treatment for, osteoid osteoma; and

h.   the failure to adopt and/or enforce appropriate rules, guidelines, procedures, and/or protocols, to ensure the performance of appropriate radiofrequency ablation procedures.

78.   As a direct and proximate result of the corporate negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, Minor-Plaintiff was caused to suffer the injuries described and resulting in the damages enumerated herein.

79.   The corporate negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation was a substantial factor in causing the severe and permanent injuries suffered by Minor-Plaintiff.

80.   The corporate negligence of Defendants Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation increased the risk of harm to Minor-Plaintiff.

WHEREFORE, Plaintiffs Regina Rausch and Christopher Rausch, as Parents and Natural Guardians of Minor-Plaintiff Madison Rausch, demand damages against all Defendants herein, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars and in excess of local arbitration limits, exclusive of prejudgment and post-judgment interest.

20

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

KLINE & SPECTER, P.C.

5/25/17

THOMAS R. KLINE, ESQUIRE
AMY L. GUTH, ESQUIRE
ELIA A. ROBERTSON, ESQUIRE
Attorneys for Plaintiffs

21

Case ID: 170401644

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

## VERIFICATION

We, Regina Rausch and Christopher Rausch state that we are the Parents and Natural

Guardians of Madison Rausch, a minor, that we are the Plaintiffs in this action, and that the facts

set forth in the Complaint are true and correct to the best of our knowledge, information and

belief. We understand that this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904

relating to unsworn falsification to authorities.

Date: 5/12/17

REGINA RAUSCH, Individually and as Parent
and Natural Guardian of Madison Rausch, a Minor

Date: 5/8/17

CHRISTOPHER RAUSCH, Individually and as
Parent and Natural Guardian of Madison Rausch, a
Minor

Case ID: 170401644

**KLINE & SPECTER** P.C.
ATTORNEYS AT LAW

# EXHIBIT "A"

Case ID: 170401644

**KLINE & SPECTER** ᴘᴄ

ATTORNEYS AT LAW

By:    Thomas R. Kline, Esquire
       Amy L. Guth, Esquire
       Elia A. Robertson, Esquire
Attorney I.D. No. 28895 / 44204 / 321277
1525 Locust Street, 19ᵗʰ Floor
Philadelphia, PA 19102
215-772-1000
215-735-5827 (facsimile)

Attorneys for Plaintiffs

| | |
|---|---|
| MADISON RAUSCH, a minor, by and through her Parents and Natural Guardians, REGINA RAUSCH and CHRISTOPHER RAUSCH, and REGINA RAUSCH and CHRISTOPHER RAUSCH, in their own right | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |

:    COURT OF COMMON PLEAS
:    PHILADELPHIA COUNTY
:
:    CIVIL ACTION -- MEDICAL
:    PROFESSIONAL LIABILITY
:
        v.                                         :    NO. 170401644
                                                   :
NEMOURS/ALFRED I. DUPONT         :
HOSPITAL FOR CHILDREN             :
THE NEMOURS FOUNDATION           :

## CERTIFICATE OF MERIT AS TO
## NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN

I, <u>AMY GUTH, ESQUIRE</u>, certify pursuant to Pa. R.C.P. 1042.3 that:

■    An appropriate licensed professional has supplied a written statement to the undersigned that

there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this

defendant in the treatment, practice or work that is the subject of the complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about the

harm;

OR

■    An appropriate licensed professional has supplied a written statement to the undersigned that

there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other

licensed professionals for whom this defendant is responsible in the treatment, practice or

work that is the subject of the complaint, fell outside acceptable professional standards and

Case ID: 170401644

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

that such conduct was a cause in bringing about the harm;

OR

■   the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: 5/05/17

_____
AMY L. GUTH, ESQUIRE

Case ID: 170401644

**KLINE & SPECTER** PC
ATTORNEYS AT LAW

# EXHIBIT "B"

Case ID: 170401644

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW
By:   Thomas R. Kline, Esquire
       Amy L. Guth, Esquire
       Elia A. Robertson, Esquire
Attorney I.D. No. 28895 / 44204 / 321277
1525 Locust Street, 19ᵗʰ Floor
Philadelphia, PA 19102
215-772-1000
215-735-5827 (facsimile)

                                    Attorneys for Plaintiffs

| | |
|---|---|
| MADISON RAUSCH, a minor, by and through her Parents and Natural Guardians, REGINA RAUSCH and CHRISTOPHER RAUSCH, and REGINA RAUSCH and CHRISTOPHER RAUSCH, in their own right | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| v. | CIVIL ACTION – MEDICAL PROFESSIONAL LIABILITY |
| NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN THE NEMOURS FOUNDATION | NO. 170401644 |

## CERTIFICATE OF MERIT AS TO
## THE NEMOURS FOUNDATION

I, <u>AMY GUTH, ESQUIRE</u>, certify pursuant to Pa. R.C.P. 1042.3 that:

■    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    OR

■    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and

Case ID: 170401644

**KLINE & SPECTER** ᴘᴄ
ATTORNEYS AT LAW

that such conduct was a cause in bringing about the harm;

OR

■    the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐    expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:  5/25/17

_____
AMY L. GUTH, ESQUIRE

Case ID: 170401644

## CERTIFICATE OF SERVICE

I, Sara Lynn Petrosky, attorney for defendants, Nemours/Alfred I. duPont Hospital for Children and The Nemours Foundation, certify that Notice of Removal was served via electronic mail to counsel and parties listed below, on June 5, 2017, addressed as follows:

Thomas R. Kline, Esquire
Amy L. Guth, Esquire
Elia A. Robertson, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

McCann Law, LLC

By:  _____
Sara Lynn Petrosky, Esquire

JS 44 (Rev. )    CDJ                    17-cv-2527

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17    2527

## I. (a) PLAINTIFFS

Madison Rausch, a minor, by and through her Parents and Natural Guardians, Regina Rausche and Christopher Rausch

**(b)** County of Residence of First Listed Plaintiff   Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Thomas R. Kline, Esquire/Kline & Specter, P.C.
1525 Locust Street, 19th Floor, Philadelphia, PA 19102   215-772-1000

## DEFENDANTS

Nemours/Alfred I duPont Hospital for Children and The Nemours Foundation

County of Residence of First Listed Defendant   Wilmington, DE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Timothy I McCann, Esquire/Sara Lynn Petrosky, Esquire
McCann Law, LLC, 1800 JFK Blvd., Suite 1812, Philadelphia, PA
215-568-1133

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☒ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC   1332
Brief description of cause:
Medical Malpractice Case

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
≥ 50,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE                                DOCKET NUMBER

DATE
06/05/2017

SIGNATURE OF ATTORNEY OF RECORD

JUN - 5 2017

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**CDJ**  **2527**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 177 Rice Drive, Morrisville, Pa 19067

Address of Defendant: 1600 Rockland Road, Wilmington, DE 19899

Place of Accident, Incident or Transaction: Wilmington, Delaware
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) Medical Malpractice

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, SARA LYNN PETROSKY, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6-5-17          _____ Attorney-at-Law          50316
          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-5-17          _____ Attorney-at-Law          50316
          Attorney I.D.#

CIV. 609 (5/2012)

JUN -5 2017



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

Madison Rausch, a minor

CIVIL ACTION

v.

Nemours / Alfred I. duPont
Hospital For children and
The Nemours Foundation

NO. **17   2527**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✗)

4-5-17                                                         Defendants

**Date**               **Attorney-at-law**               **Attorney for**

215-568-1133        215-568-1392        petroslay @ doclawyers.com

**Telephone**          **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

JUN -5 2017